# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAYTONA BEACH RESORT AND**
**CONFERENCE CENTER**
**CONDOMINIUM ASSOCIATION, INC.,**

    **Plaintiff,**

**v.**                                                                   **Case No:   6:16-cv-232-Orl-41DAB**

**UNITED STATES OF AMERICA and**
**HAYDEE LOPEZ-ARTAMENDI,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO DISMISS (Doc. No. 7)**
>
> **FILED:**      **March 2, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*History*

This matter presents in an unusual posture. According to the Notice of Removal (Doc. 1), an action was filed in state court by Daytona Beach Resort & Conference Center Condominium Association, Inc. against Haydee Lopez-Artmendi, seeking foreclosure of certain real property. Despite the existence of the notice of federal tax liens that were recorded against Lopez-Artamendi's interest in the property, the United States was not joined as a party in the foreclosure proceeding. Following entry of a Final Summary Judgment of Foreclosure by the state court (Doc. 1-1), the third

party purchaser, Keathel Chauncey, Esq., As Trustee Only, Under The 2700 N Atlantic Ave #705 Land Trust ("Movant"), filed a Motion to Compel Redemption against the Internal Revenue Service ("the Motion to Compel") in the state court foreclosure action.   Movant sought an order compelling the IRS "to exercise its right of redemption or be forever barred from any claim against the Subject Property, enter a judgment foreclosing the interest of such subordinate claim to the Subject Property, and provide any further relief . . ." (Doc. 2, pp. 3-4).

Following service of the Motion to Compel on the IRS, the government removed it to this Court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444, which authorizes removal of actions brought against the United States under 28 U.S.C. § 2410. In its Notice (Doc. 1), the United States raised a dispositive issue, contending that because it was not served and made a party to the original foreclosure suit, no court had jurisdiction to vacate its interests in the subject property.

Due to the odd presentation of the matter, and noting that a motion is not the equivalent of a proper pleading in federal court, the undersigned denied the Motion to Compel, without prejudice to Movant conferring with counsel for the United States in a good faith effort to resolve the issues raised and, if unsuccessful, ordering Movant to make an appropriate filing of his claim by February 26, 2016 (Doc. 3). No such filing was ever made and, on March 2, 2016, the United States filed the instant motion to dismiss the "action" to compel, for lack of subject matter jurisdiction. On May 23, 2016, the matter was referred to the undersigned.   No response has been filed by Movant.   For the reasons that follow, the motion should be **granted.**

*Standards of Law*

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) are independent of the ultimate merit of the claim.   As the Eleventh Circuit has observed:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, "facial" and "factual" attacks. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528–29 (11th Cir.1990). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in

>   deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id.* In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id.*

*Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003). Under either approach, for the reasons that follow, the undersigned finds the Court to be without jurisdiction over this matter.

### *Discussion*

First and foremost, absent a pending pleading, there is nothing to dismiss. The United States removed a *motion* (not a complaint) filed in an existing case, in state court.[1] Assuming the Motion to Compel was removable,[2] this Court denied the motion, without prejudice to refiling of an appropriate pleading. No such pleading was ever filed and, to date, there exists no complaint or other pending paper purporting to state a claim for redemption. It appears that this claim has been abandoned by Movant. For this reason alone the instant motion should be treated as a motion to close the file and should be granted.

In an abundance of caution and in view of the government's interest in clarity and finality with respect to the allegations of the Motion to Compel, the Court further finds it has no jurisdiction to adjudicate any lingering claim to compel redemption because the United States has not waived its sovereign immunity.

---

[1] It appears that Florida law permits the elimination of certain interests of omitted parties to an original foreclosure suit via a motion to compel redemption filed by the purchaser. *See, e.g., Quinn Plumbing Co. v. New Miami Shores Corp.,* 129 So. 690, 692 (Fla. 1930) (allowing for an action for foreclosure against all parties holding junior encumbrances who were inadvertently omitted as parties to the original foreclosure proceedings under which the purchaser bought); *Marina Funding Group, Inc.* v. *Peninsula Property Holdings, Inc.,* 950 So. 2d 428 (Fla. 4th DCA 2007) ("[t]he remedies of a purchaser at the foreclosure sale against an omitted junior mortgagee are a motion to compel redemption by the junior, or re-foreclosure in a suit de novo").

[2] As noted by the United States in its papers, removal of this claim is appropriate under 28 U.S.C. §§ 1442(a)(1) and 1444, which authorizes removal of actions brought against the United States under 28 U.S.C. § 2410. *See also* Magistrate Judge Lammens' report and recommendation in a substantially similar matter, *SunTrust Mortgage, Inc. v. Joseph B. McCormic, et al.*, Case No. 5:14-cv-00585-39PRL (Doc. 26), adopted and supplemented by Judge Davis (Doc. 28) (dismissing a supplemental action seeking to compel redemption filed against the United States on behalf of the IRS).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.,* 224 F.3d 1260, 1263 (11th Cir. 2000) (internal citations omitted). As Judge Lammens has found in an identical context:

> In the absence of a waiver of sovereign immunity, the Court lacks jurisdiction over claims against the government Defendants. *See U.S. v. Mitchell*, 463 U.S. 206, 212 (1983). It is, of course, a plaintiff's burden to establish that jurisdiction lies in this Court. *See, e.g., Krasny v. Waser*, 147 F. Supp.2d 1300, 1303 (M.D. Fla. 2001) ("It is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted); *accord Catepillar Inc. v. Williams*, 482 U.S. 386, 391 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). *Cf. OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir.2002) ("In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists.").
>
> While the United States has waived its sovereign immunity in "an action to foreclose a mortgage or other lien, naming the United States as a party" such waiver is conditioned on the action seeking a judicial sale. 28 U.S.C. § 2410(a) & (c); *United States v. Perpetual Help's Boys Home,* 451 F.Supp. 270, 272-73 (E.D. Wisconsin 1978) (finding no waiver where action did not seek judicial sale); *see also, Kasdon,* 512 F.Supp. at 173 & n.1 (noting that § 2410(c) "seemingly requires a judicial sale in order for §2410(a)(2) to become applicable). Here, the Supplemental Action does not seek a judicial sale of the property, but rather asks the Court to find that the sale occurred as if the United States were a party to the original proceeding.[fn omitted] The United States has not waived its sovereign immunity to such an action.

*SunTrust Mortgage Inc. v. Joseph B. McCormic, et al,* Case No. 5:14-cv-585-Oc-39PRL (Doc. 26 – Report and Recommendation dated May 5, 2015).

### *Conclusion*

As the Motion to Compel has been previously dismissed and the issues raised in that motion have not been presented to this Court in subsequent pleading of any kind, the matter should be closed for failure to prosecute. Further, the Court is without subject matter jurisdiction to entertain the Motion to Compel, even if it had been timely renewed and properly presented. It is **respectfully recommended** that the motion to dismiss be **granted,** all matters be terminated and the file closed.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 31, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy